1 Peter J. Schulz, Esq. (SBN 167646)
  pjs@sbrlawsd.com
2 Holland D. McCloskey, Esq. (SBN 177967)
  hdm@sbrlawsd.com
3 SCHULZ BRICK & ROGASKI
  600 West Broadway, Suite 960
4 San Diego, California 92101
  Tel:   (619) 234-3660
5 Fax:   (619) 234-0626

6 Attorneys for Defendant TARGET CORPORATION

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 TAMANTHA ARLATA, | Case No.:  '20 CV 2392 JLS  LL |
| 12       Plaintiff, | |
| 13    v. | **TARGET CORPORATION'S NOTICE OF REMOVAL** |
| 14 TARGET CORPORATION, | |
| 15       Defendant. | |

16

17    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR
18 THE SOUTHERN DISTRICT OF CALIFORNIA:
19    NOTICE IS HEREBY GIVEN that pursuant to 28 U.S.C. §§ 1332, 1441(a)
20 and 1446, Defendant TARGET CORPORATION ("TARGET"), a Minnesota
21 corporation, through its undersigned counsel, hereby removes to this Court the
22 State Court action described herein and pleads the following grounds for removal:
23    1.   This action was commenced on or about October 15, 2020, by the filing
24 of a complaint against TARGET in the Superior Court of the State of California,
25 San Diego County, entitled <u>Tamantha Arlata v. Target Corporation, et al.</u>, Case
26 No. 37-2020-00037275-CU-PO-CTL (the "State Court action").
27    2.   Plaintiff TAMANTHA ARLATA was a customer at the La Mesa
28 TARGET store located at 3434 College Avenue, San Diego, California 92115,

1  where she claims to have been injured when she slipped on water while inside the
2  store.  The complaint alleges that Defendant TARGET failed to manage its premises
3  and failed to use reasonable care to keep the property in a reasonably safe condition.
4  The State Court action complaint seeks an unspecified amount of economic and
5  non-economic damages for negligence.  True and correct copies of the summons
6  and complaint in the State Court action are attached hereto as **Exhibit "A."**

7        3.    TARGET was served with the summons and complaint on or about
8  October 19, 2020, and on November 12, 2020, TARGET filed an answer to
9  the complaint in the State Court action.  A true and correct copy of Target's answer
10  is attached hereto as **Exhibit "B."**

11        4.    On December 3, 2020, Plaintiff served a Statement of Damages seeking
12  an unspecified amount in medical expenses to date and in the future, more than
13  $50,000 in loss of income and future earning capacity, and $3,500,000 non-
14  economic damages according to proof.  A true and correct copy of Plaintiff's
15  Statement of Damages is attached hereto as **Exhibit "C."**

16        5.    Plaintiff's Statement of Damages was received on December 3, 2020,
17  and was the first detailed claim for damages in this action and, as such, was the
18  first paper from which TARGET could ascertain that the case is one which is or
19  has become removable.  Accordingly, this Notice of Removal is timely filed under
20  28 U.S.C. § 1446(b)(3).  **Exhibits "A," "B,"** and **"C"** constitute all of the pleadings
21  in the State Court action.

22        6.    Although Plaintiff's Statement of Damages is not part of his
23  complaint, it carries more weight than a typical settlement demand or an informal
24  correspondence between the parties.  Pursuant to California Code of Civil Procedure
25  §§ 425.10 and 425.11, a plaintiff in a personal injury or wrongful death action may
26  not include a specific damages prayer in his or his complaint, but, upon request by
27  the defendant, must provide a detailed statement of damages within fifteen days.
28  Cal. Code Civ. Proc. §§ 425.10, 425.11.  The purpose of section 425.11 is to give

the defendant specific notice of damages sought by the plaintiff in a document that is separate from both the complaint and existing informal mechanisms such as settlement conference statements. See Debbie S. v. Ray, 16 Cal.App.4th 193, 198 (1993). Accordingly, a statement of damages pursuant to section 425.11 is normally viewed as a serious estimate of the damages in a given case.

7. Upon information and belief, Plaintiff was, at the time the complaint was filed, and still is, an individual residing in the County of San Diego, California, and is therefore deemed a citizen of California.

8. TARGET, the only defendant named in the complaint, was, at the time the complaint was filed, and still is, a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota, and is therefore deemed a citizen of Minnesota.

9. Because the only real and substantial parties to this litigation were and are citizens of the states of California and Minnesota, and not the same state, complete diversity of citizenship of the parties exists.

10. Plaintiff alleges that as a result of TARGET's negligence, she was injured and sustained economic and non-economic damages in excess of $3,500,000. Therefore, by way of these claims, the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00. In addition, this is an action which may be removed pursuant to 28 U.S.C. § 1441(a).

12. TARGET will promptly file a removal notice, together with a copy of the instant Notice of Removal, with the Clerk of the Superior Court of the State of California, San Diego County, and will serve written notice on counsel of record for Plaintiff.

/././

1  WHEREFORE, for the foregoing reasons, TARGET hereby gives notice that
2  the referenced action is removed in its entirety from the Superior Court for the State
3  of California, San Diego County, to the United States District Court for the Southern
4  District of California, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446.

5

6  Dated: December 8, 2020          SCHULZ BRICK & ROGASKI

7
8                                   By:  *s/Peter J. Schulz*
                                         Peter J. Schulz, Esq.
9                                        Holland D. McCloskey, Esq.
                                         Attorneys for Defendant
10                                       TARGET CORPORATION

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28