# EXHIBIT "B"

```
 1  Peter J. Schulz, Esq. (SBN 167646)
    pjs@sbrlawsd.com
 2  Holland D. McCloskey, Esq. (SBN 177967)
    hdm@sbrlawsd.com
 3  SCHULZ BRICK & ROGASKI
    600 West Broadway, Suite 960
 4  San Diego, California 92101
    Tel: (619) 234-3660
 5  Fax: (619) 234-0626

 6  Attorneys for Defendant TARGET CORPORATION
```

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| TAMANTHA ARLATA,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 37-2020-00037275-CU-PO-CTL<br><br>**TARGET CORPORATION'S ANSWER TO THE COMPLAINT**<br><br>**IMAGED FILE**<br><br>Dept.: C-74<br>Judge: Ronald L. Styn<br>Filed: October 15, 2020<br>Trial: TBD |

Defendant TARGET CORPORATION ("Defendant") hereby answers the Original Complaint ("Complaint") filed by Plaintiff TAMANTHA ARLATA ("Plaintiff"):

### GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

///

-1-

TARGET CORPORATION'S ANSWER TO THE COMPLAINT

Exhibit B
007

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Accidental or Unavoidable Injury)

The Complaint, and each and every cause of action alleged therein, is barred because Defendant was not negligent at the time of the accident.

## THIRD AFFIRMATIVE DEFENSE

### (Acts of Other Parties)

Defendant alleges that, if Defendant is subjected to any liability by Plaintiff, it will be due in whole or in part to the acts and/or omissions of other parties, or parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

## FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon Plaintiff's conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

## FIFTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Defendant alleges that Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur. Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to their negligence and fault.

/././

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

Defendant exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Others to Exercise Reasonable Care)

If Defendant is subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other Defendants or other parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to exercise ordinary and reasonable care on Plaintiff's own behalf and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, Plaintiff's own alleged injuries and damages, if any, and Plaintiff's recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

/././

## ELEVENTH AFFIRMATIVE DEFENSE

### (Intervening Acts of Others)

The Complaint, and each and every cause of action alleged therein, is barred because the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

Defendant alleges that it did not have either actual or constructive notice of the conditions, if any, which existed at the time and places mentioned in the Complaint, which conditions may have caused or contributed to the damages as alleged herein. Said lack of notice prevented Defendant from undertaking any measures to protect against or warn of said conditions.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Particularity)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to particularize the claims in the Complaint, thereby depriving Defendant of the ability to ascertain the true bases of Plaintiff's claim, if any, and the law applicable to the claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

The Complaint, and each and every cause of action alleged therein, is barred because Plaintiff lacks standing.

/././

/././

/././

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Constructive Notice of Dangerous Condition)

The Complaint, and each and every cause of action alleged therein, is barred by the fact that Defendant did not have constructive notice of the allegedly unsafe conditions on the premises.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Obvious Danger)

Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for Plaintiff's own safety in order to avoid the alleged accident. The resulting injuries and damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff, in that any possible danger with regard to the accident in question was obvious to anyone using reasonable care.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reimbursement)

Defendant alleges that any reimbursement, from whatever source, to Plaintiff of the alleged damages must be applied against any liability of Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Several Liability for Non-Economic Damages)

If Defendant has any liability to Plaintiff in this action, which is denied, it is only severally liable for Plaintiff's non-economic damages under California Civil Code sections 1431.1 and 1431.2. Therefore, Defendant requests a judicial determination of the percentage of its negligence, if any, which proximately contributed to the subject incident.

/././

/././

/././

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343; and Business and Professions Code section 17208.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Uncertainty)

Defendant alleges that the causes of action in the Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Willful Misconduct)

Defendant alleges that if Plaintiff was injured and/or damaged as set forth in the Complaint, or in any other way, sum or manner, or at all, then said injuries and/or damages and the whole thereof, proximately and concurrently resulted from and were caused, in whole or in part, by the willful and serious misconduct on the part of the Plaintiff with regard to each and every activity at the times and places mentioned in the Complaint and all times relevant thereto.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain DOCUMENTS bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the

right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the DOCUMENTS provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;
3. That Defendant be awarded attorneys' fees and costs of suit incurred herein; and
4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above-entitled matter.

Dated: November 12, 2020

SCHULZ BRICK & ROGASKI

By: _____
Peter J. Schulz, Esq.
Holland D. McCloskey, Esq.
Attorneys for TARGET CORPORATION

| | |
|---|---|
| Peter J. Schulz, SBN 167646<br>Holland D. McCloskey, SBN 177967<br>SCHULZ BRICK & ROGASKI<br>600 West Broadway, Suite 960<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 234-3660         FAX NO.: (619) 234-0626<br>E-MAIL: pjs@sbrlawsd.com • hdm@sbrlawsd.com<br>ATTORNEYS FOR: Defendant TARGET CORPORATION | FOR COURT USE ONLY<br><br>FILED<br>CIVIL BUSINESS OFFICE<br>CENTRAL DIVISION<br><br>2020 NOV 12  A 11: 24<br><br>CLERK<br>SAN DIEGO COUNTY, CA |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>330 West Broadway, San Diego, CA 92101<br>Hall of Justice | |
| TAMANTHA ARLATA v. TARGET CORPORATION, et al. | CASE NUMBER:<br>37-2020-00037275-CU-PO-CTL |
| PROOF OF SERVICE – CIVIL | JUDGE: Ronald L. Styn<br>DEPT.: C-74 |

I am employed by the law firm of Schulz Brick & Rogaski, whose address is 600 West Broadway, Suite 960, San Diego, California, 92101. I am over the age of eighteen and I am not a party to this action.

On November 12, 2020, I caused the following document(s) to be served:

1. **TARGET CORPORATION'S ANSWER TO THE COMPLAINT**

☒ **Via United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons listed on the Service List below and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Diego, California.

☐ **Via Electronic Filing/Service.** Based on a Court order and/or agreement of the parties to accept service electronically, I caused the above-entitled documents to be served to the persons listed on the Service List below.

☐ **Via Personal Service.** I personally delivered the documents to the persons at the addresses listed on the Service List below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **Via Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses on the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 12, 2020, at San Diego, California.

_____
Kine Benrubi

PROOF OF SERVICE

**Exhibit B**
**014**

| CASE NAME: | CASE NUMBER: |
|---|---|
| TAMANTHA ARLATA v. TARGET CORPORATION, et al. | 37-2020-00037275-CU-PO-CTL |

## SERVICE LIST

| COUNSEL OF RECORD | E-MAIL / TELEPHONE / FAX | PARTY |
|---|---|---|
| David A. Fox, Esq.<br>Russell A. Gold, Esq.<br>Fox Law, APC<br>225 W. Plaza Street, Suite 102<br>Solana Beach, CA 92075 | dave@foxlawapc.com<br>russ@foxlawapc.com<br><br>Tel: (858) 256-7616<br>Fax: (858) 256-7618 | Plaintiff<br>**TAMANTHA ARLATA** |

PROOF OF SERVICE

**Exhibit B**
**015**